Birchard, J.
Our first inquiry is, whether the proper parties are in Court? We are not advised that, in this State, a court was ever before called upon, seriously, to pass upon the precise question novv presented for adjudication. The statute authorizes service of citation in error to be made upon the opposite party, Or “ his attorney.” The idea that these words will permit service to. bo made upon one who was attorney of the defendant in error, while living, is novel. The theory upon which it is supported will not bear much comment. The maxim “ qui facit per alium facit per se,” is applicable to the living only. So, service of process upon the living, is not notice to the dead. Death is a tyrant that disregards all the *301 relations between attorney and client; his stroke dissolves them. Hence the statute was not intended to affect cases like this. The proceeding is therefore ex parte, and must be dismissed. A writ of error is an adversary suit; it is a new suit, and must have the requisite parties. This action is groundless* if the error assigned is untrue. If well assigned, and the issue should be found for the plaintiff, the judgment to be rendered will be, as faulty as the one sought to be reversed, without the proper parties are before the Court.
Service upon an attorney has not the substance of a legal fiction, under the circumstances. It cannot affect the attorney, any more than it can bring the deceased from the grave, and enable him to support the issue that he is still living; There is an authority (Tidd’s Practice, 1116) cited by plaintiff’s counsel directly in point. It settles the question against him, and shows that, whenever the issue in fact — that defendant in error was dead at the rendition of judgment — is tendered, the executor or administrator must be cited to come in and defend. The only exception is, where the sheriff returns that he is alive, and has been personally served, in which case he may appear by attorney, or in person.

Writ Dismissed.